

**ORDERED in the Southern District of Florida on August 28, 2025.**

_____
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Charles William Parker, II,                     Case No. 24-17138-SMG

    Debtor.                                  Chapter 7
_____/

Lauren McGee-Weiss,

    Plaintiff,

v.                                              Adv. No. 25-1232-SMG

Charles William Parker, II,

    Defendant.
_____/

**ORDER DENYING MOTION TO SET
ASIDE DEFAULT AND DEFAULT JUDGMENT**

    Defendant Charles William Parker, II filed for bankruptcy on July 17, 2024.[1]

He voluntarily converted his case from chapter 13 to chapter 7 on August 2, 2024.[2]

---

[1] Case No. 24-17138-SMG (Main Case) (ECF No. 1).
[2] Main Case, ECF No. 20.

On June 25, 2025, Plaintiff Lauren McGee-Weiss filed a complaint[3] objecting to Mr. Parker's discharge under 11 U.S.C. §§ 727(a)(3) and (a)(6)(A). Ms. McGee-Weiss based her complaint on this Court's findings in its January 10, 2025 order holding Mr. Parker in contempt of court.[4] Specifically, the Court found that Mr. Parker failed to obey court orders and without justification failed to keep or preserve recorded information from which his financial condition or business transactions might be ascertained.[5] Although Mr. Parker appealed the contempt order,[6] he later voluntarily dismissed that appeal.[7]

Ms. McGee-Weiss served[8] the summons,[9] the complaint,[10] and the order setting scheduling conference[11] on Mr. Parker on July 2, 2025, at 2242 SE 10th St. Pompano Beach, FL 33062. This is the address listed on Mr. Parker's bankruptcy petition as both his home address and his mailing address.[12] Mr. Parker has never filed a notice of change of address in either his bankruptcy case or this adversary proceeding.

Mr. Parker did not respond to the complaint. As a result, on July 28, 2025, Ms. McGee-Weiss filed a verified motion for clerk's default,[13] and on July 29, 2025, a

---

[3] ECF No. 1.
[4] Main Case, ECF No. 98.
[5] *Id.*
[6] Main Case, ECF No. 104.
[7] Main Case, ECF No. 130.
[8] ECF Nos. 4, 5.
[9] ECF No. 2.
[10] ECF No. 1.
[11] ECF No. 3.
[12] Main Case, ECF No. 1, at p. 2, § 5.
[13] ECF No. 6.

default was entered[14] against Mr. Parker. Ms. McGee-Weiss then moved for entry of default judgment,[15] which the Court granted.[16] On August 1, 2025, the Court then entered a final default judgment[17] against Mr. Parker denying his discharge under 11 U.S.C. §§ 727(a)(3) and (a)(6)(A).

On August 11, 2025, Mr. Parker filed a motion to set aside the default judgment,[18] along with a motion to dismiss the complaint.[19] He argues that the default and default judgment should be vacated because he did not receive service of the complaint until August 7, 2025, and thus was not afforded due process or an opportunity to defend himself. In his motion, he lists his current address as 6141 Old Bagdad Highway, Milton, FL 32583. Attached to his motion, however, is a photocopy of the service envelope, which shows that the envelope was forwarded on August 2, 2025 to him at yet another address – 751 E. McNab Rd., Apt. 2, Pompano Beach, FL 33060-9441. Notwithstanding the new address listed in his motion, or the other address shown on the copy of the forwarded service envelope, Mr. Parker never filed a notice of change of address with the Court. In fact, his address is still listed in his bankruptcy case as 2242 SE 10th St. Pompano Beach, FL 33062.

Debtors in bankruptcy have certain responsibilities. One of them is filing a statement of any change in the debtor's address.[20] This obligation is significant

---

[14] ECF No. 7.
[15] ECF No. 8.
[16] ECF No. 9.
[17] ECF No. 12.
[18] ECF No. 17.
[19] ECF No. 18.
[20] Fed. R. Bankr. P. 4002(a)(5). A debtor's obligation to update his address only ends when the case is closed or dismissed. *See In re Cantrell,* 2019 WL 2323772, at *3 (Bankr. N.D. Ga. 2019).

because Federal Rule of Bankruptcy Procedure 7004 permits service by mail on a debtor at the address shown on the debtor's petition or the address the debtor specifies in a filed writing. Specifically, Rule 7004(b)(9) provides in relevant part that:

> a copy of a summons and complaint may be served by first-class mail, postage prepaid, within the United States on . . . the debtor, after a petition has been filed by or served upon a debtor, and until the case is dismissed or closed – by mailing the copy to the address shown on the debtor's petition or the address the debtor specifies in a filed writing.[21]

"Generally, where notice is sent to the address listed by the debtor in his or her bankruptcy petition, due process is satisfied."[22] Proof of actual *receipt* of the notice is not required, and "courts have held that service is effective on a debtor even if mailed to the wrong address, if the address to which it is mailed is the last listed by the debtor in a filed writing."[23] Thus, "[t]he debtor who fails to keep the court apprised of his proper mailing address has only himself to blame."[24]

Here, Ms. McGee-Weiss served Mr. Parker with the summons, the complaint, the motion for default, and the motion for default judgment, all at his last known address, which at that time was the address shown on his petition. Absent Mr. Parker filing a notice of change of address, Ms. McGee-Weiss satisfied the requirements of

---

[21] Fed. R. Civ. P. 7004(b)(9).
[22] *Cantrell*, 2019 WL 2323772, at *3; *see also In re DeVore*, 223 B.R. 193, 196 (B.A.P. 9th Cir. 1998) ("Mailing a notice by first class mail to a party's last known address is sufficient to satisfy due process.").
[23] *Id. (*citing *In re Coggin*, 30 F.3d 1443, 1450 (11th Cir. 1994), *abrogated on other grounds by Kontrick v. Ryan*, 540 U.S. 443 (2004)).
[24] *In re Davis*, 275 B.R. 864, 867 (B.A.P. 8th Cir. 2002), *aff'd*, 55 F. App'x 789 (8th Cir. 2003).

Rule 7004(b)(9), and Mr. Parker received appropriate due process. Accordingly, there is no basis to vacate the final default judgment. It is therefore

    **ORDERED** that:

    1.    Mr. Parker's motion[25] to set aside the default and the default judgment is **DENIED**.

    2.    Mr. Parker's motion to dismiss[26] is **DENIED AS MOOT**.

                        # # #

Copies furnished to:

Mark S. Roher, Esq.

Charles William Parker, II
2242 SE 10 St
Pompano Beach, FL 33062

Charles William Parker, II
6141 Old Bagdad Highway
Milton, FL 32583

---

[25] ECF No. 17.
[26] ECF No. 18.